CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 02, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRIAN RICHARDSON, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>BELL, )<br>    Defendant. ) | Civil Action No. 7:24-cv-00267<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Brian Richardson, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.)  He filed this action in the Eastern District of Virginia, and the case was transferred here because plaintiff is incarcerated at Red Onion State Prison, within the Western District of Virginia. (Dkt. No. 4.)  Richardson has not paid the filing fee.

Based on court records, it is clear that at least three of Richardson's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1]  Put differently, he has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if he could prove his indigence, Richardson may not proceed with this case unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  His complaint, however, fails to allege any imminent danger of serious physical injury.  For this reason, the court will dismiss the complaint in its entirety.

---

[1] The following three cases all were dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), as frivolous or for failure to state a claim: *Richardson v. Unknown*, 7:17-cv-212 (W.D. Va.); *Richardson v. Unknown*, 7:17-cv-447 (W.D. Va.); *Richardson v. Davis*, 7:21-cv-559 (W.D. Va.).

Richardson's complaint describes an incident that occurred on March 20, 2024, when the defendant, Officer Bell, relayed to another inmate her "strong dislike" for Richardson.  Officer Bell then allegedly told the inmate that she was going to "have you beat [Richardson] up for me when you both count out for pod rec, so me or one of the other officers could shoot him in his face with the gun."  (Compl. 4, Dkt. No. 1.)  Richardson later alleges that Officer Bell "verbally engaged" with this inmate on "numerous occasions trying to influence him to physically attack me during housing unit rec pod."  (*Id.* at 10.)  On a different day, Richardson alleges that Officer Bell told the inmate to tamper with Richardson's food tray.  (*Id.* at 4, 10.)

Notably, Richardson's complaint does not contain any allegations to support a conclusion that he is in imminent danger of serious physical injury.  For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'"  *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).  "[T]he imminent danger 'must exist at the time the complaint . . . is filed, not when the alleged wrongdoing occurred.'"  *Meyers v. Clarke*, 767 F. App'x 437, 439 (4th Cir. 2019) (quoting *Martin*, 319 F.3d at 1050).  "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction."  *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct").  Richardson's complaint is focused on past infractions and not on any danger that is close at hand.  Moreover, there are no allegations of a pattern of misconduct suggesting imminent serious physical injury, as one of the two alleged incidents involved food tampering, and there is no allegation of any physical injury, even in the past.

As Richardson has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(g). An appropriate order will be entered.

Entered: May 2, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge